IN THE CIRCUIT COURT OF AMITE COUNTY, MISSISSIPPI

ROBERT BLOOME PLAINTIFF

VS. CIVIL ACTION NO: 18-CV-077-J

JOSHUA'S HAVEN, INC. DEFENDANT

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, by and through his attorney of record, and files this Complaint against the above-named Defendant and for cause would state the following, to-wit:

**PARTIES**

1. Plaintiff, Robert Bloome (hereinafter "Plaintiff"), is an adult citizen of Liberty, Amite County, Mississippi.

2. Upon information and belief, Defendant, Joshua's Haven, Inc., is and was at all times material herein, a foreign not-for-profit corporation incorporated and organized under the laws of the state of Mississippi, whose principal office is located at 5045 Jones Road, St. Cloud, Florida 34771. Defendant may be served through its agent for service of process at Steven Ryan Smith, 5045 Jones Road, St. Cloud, Florida 34771.

**JURISDICTION AND VENUE**

3. Plaintiff further alleges that this cause of action arises in tort out of personal injuries and resulting damages incurred by Plaintiff in Liberty, Amite County, Mississippi, on or about June 26, 2017. Jurisdiction and venue are proper with this court.

FILED
THIS DAY
JUL 09 2018
DEBBIE [illegible] CIRCUIT CLERK
BY [signature] D.C.

EXHIBIT
A

## FACTS

4. On or about June 26, 2017, Plaintiff was a volunteer for Defendant, whose place of business is located at 5663 Rollinson Road, Liberty, Mississippi 39645.

5. While working as a volunteer and performing duties related to the conduct of Defendant's business at Defendant's place of business on the aforementioned date, Plaintiff was struck by a tree that was being felled by Will Robinson, another volunteer for Defendant.

6. Plaintiff alleges that on the aforementioned date, Will Robinson was instructed by Susan Williams, the president of Defendant, to cut down a tree on Defendant's grounds.

7. Plaintiff alleges that Defendant provided the tools to Will Robinson to cut down said tree.

8. Plaintiff alleges that Defendant did not provide any instruction or training to Will Robinson on how to properly cut down trees.

9. Plaintiff alleges that Will Robinson had no formal training on how to properly cut down trees.

10. Plaintiff alleges that Defendant did not verify whether Will Robinson was experienced, qualified, licensed, bonded, or insured to perform tree work.

11. Plaintiff alleges that Defendant did not supervise Will Robinson in cutting down said tree.

12. As a direct and proximate result of the acts of negligence of Defendant, the tree fell onto Plaintiff, which resulted in Plaintiff's injuries and damages.

## NEGLIGENT ACTS AND/OR OMISSIONS

13. Defendant owed a duty to Plaintiff and others to hire, train, and supervise its volunteers so that said volunteers performed their duties in a safe and beneficial manner.

2

14. Plaintiff charges and avers that Defendant was negligent by failing to properly train and supervise Will Robinson in performing tree work, specifically cutting down the tree that struck Plaintiff, when Defendant knew or should have known that Will Robinson was not qualified to perform that task.

15. Plaintiff charges and avers that Defendant, Joshua's Haven, Inc., was guilty of the following acts of negligence, all of which contributed to and proximately caused Plaintiff's injuries:

   a. Negligently hiring Will Robinson to perform tree work;
   b. Negligently failing to provide any training to Will Robinson on how to properly cut down trees;
   c. Negligently failing to provide proper training to Will Robinson on how to properly cut down trees;
   d. Negligently failing to supervise the work that was being performed on its grounds;
   e. Negligently failing to ascertain Will Robinson's work experience and/or credentials as it relates to tree work prior to instructing him to cut down a tree;
   f. Negligently failing to ascertain whether Will Robinson was experienced, qualified, licensed, bonded, or insured to perform tree work;
   g. Negligently failing to exercise reasonable care to prevent injury to the Plaintiff on the premises;
   h. Negligently failing to provide personal protective equipment to its volunteers;
   i. Negligently failing in its duty to exercise reasonable care to keep the premises in a reasonably safe and suitable condition; and
   j. Other ways to be shown upon completion of discovery in the trial of this case.

3

15. Plaintiff charges and alleges that one, some, or all of the aforesaid acts of common law negligence were the direct and proximate cause of Plaintiff's resulting injuries and damages, to be hereinafter set out with more particularity.

## INJURIES AND DAMAGES

16. Plaintiff, Robert Bloome, alleges that as a direct and proximate result of the hereinabove described violations of the common law by Defendant, Plaintiff, Robert Bloome, sustained multiple, serious, and disabling injuries to his body as a whole, including, but not limited to scarring and disfigurement, permanent impairment, shock and fright, and injuries to his neck, shoulder, arm, chest, and back.

17. Plaintiff, Robert Bloome, alleges that as a direct and proximate result of the hereinabove described negligence of Defendant, he has sustained temporary and permanent disability.

18. Plaintiff, Robert Bloome, further alleges that he has endured pain and suffering and may continue to suffer from the injuries arising out of the subject incident.

19. Plaintiff, Robert Bloome, alleges that he has incurred reasonable and necessary medical, hospital, pharmacy, and related expenses in order to alleviate his pain and suffering and verily believes that he will incur said expenses in the future.

20. Plaintiff, Robert Bloome, further alleges that he has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject incident, past, present, and future.

21. Plaintiff, Robert Bloome, further alleges that he has sustained mental anguish as a result of the subject incident.

22. Plaintiff, Robert Bloome, alleges that as a direct and proximate result of the hereinabove described negligent acts of Defendant, he sustained loss of earnings and/or loss of

4

earning capacity, past, present, and future, and same for same.

## RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant for compensatory damages in an amount in excess of the jurisdictional limits of this Court, and for all such further relief, both general and specific, to which they may be entitled under the premises.

Respectfully submitted,

_____
Adam H. Johnson, MSB # 103057
Derek O. Fairchilds, MSB # 104730
Nahon, Saharovich & Trotz, PLC
488 South Mendenhall Road
Memphis, Tennessee 38117
(901) 259-0435

ATTORNEYS FOR PLAINTIFF

## PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY AS TO ALL COUNTS HEREIN.

## DEFENDANT MAY BE SERVED AS FOLLOWS:

JOSHUA'S HAVEN, INC.
C/O STEVEN RYAN SMITH
5045 Jones Road
St. Cloud, FL 34771

# IN THE CIRCUIT COURT OF AMITE COUNTY, MISSISSIPPI

ROBERT BLOOME                                  PLAINTIFF

VS.                                CIVIL ACTION NO: 18-CV-077-J

JOSHUA'S HAVEN, INC.                                  DEFENDANT

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSION TO DEFENDANT, JOSHUA'S HAVEN, INC.

COMES NOW the Plaintiff, pursuant to Rule 33 and Rule 34 of the Mississippi Rules of Civil Procedure, propounds the following interrogatories and requests for production of documents to Defendant, Joshua's Haven, Inc., the following First Set of Interrogatories, Requests for Production of Documents and Request for Admission to be answered, in writing, under oath, and in accordance with the Mississippi Rules of Civil Procedure.

You are reminded that under the provisions of Rule 26 you are under a duty to seasonably supplement your response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, or who may be called as witnesses at trial, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for Plaintiff within fifteen (15) days after receipt of such information.

FILED
JUL 09 2018
DEBBIE HARVARD, CIRCUIT CLERK
Barbara McDonald D.C.

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions shall be applicable to these DISCOVERY REQUESTS:

1. "YOU" or "YOUR" shall mean the defendants whom this discovery is directed to (in the case of the corporate defendant, it shall include its subsidiary and affiliated corporations) and each of their attorneys, experts, including, without limitation, contractors, subcontractors, agents and employees of experts, employees, agents or representatives and all other persons acting on their behalf.

2. The term "COMMUNICATION" or "COMMUNICATIONS" or "COMMUNICATE" shall mean and include any transaction or exchange of information between two or more persons, whether orally or in writing, and includes without limitation, any conversation or discussion by means of letter, telephone, note, memorandum, telegraph, telefax, telecopier, cable, computer or any other electronic or other medium, including written, audio, video, computer disk or computer tape.

3. The term "DOCUMENT" or "DOCUMENTS" shall mean and include writings of any kind, formal or informal, whether or not wholly or partially in handwriting including by way of illustration and not by way of limitation, any invoice, receipt, endorsement, check, bank draft, canceled check, deposit slip, withdrawal slip, order, correspondence, record book, minutes, memorandum of telephone and other conversations, including meetings, agreements and the like, diary, calendar, desk pad, scrapbook, notebook, bulletin, circular, form pamphlet, statement, journal, postcard, letter, telegram, telex, telefax, report, notice, message, analysis, comparison, graph, chart, interoffice or intra-office communications, photocopy or other copy of any documents, microfilm or other film record, any photograph, sound recording or any type of device, computer data, any punch card, disc or disc pact, any tape or other type of memory

2

generally associated with computers and data processing (together with the programming instructions and other written material necessary to use such punch card, disc, or disc pact, tape or other type of memory and together with printouts of such punch card, disc, or disc pact, tape or other type of memory; including (a) every copy of each document which is not any exact duplicate of a document which is produced, (b) every copy which has any writing, figure or notation, annotation or the lack of it, (c) drafts, (d) attachments to or enclosures with any document, (e) every document referred to in any other document, (f) all original file folders in which each such document is contained.

4. The terms "PERSON" or "PERSONNEL" shall refer to a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

5. The term "CORRESPONDENCE" shall, without limiting the generality of the definition, include any letter, note, memorandum, facsimile, electronic mail, telegram, telex, notice, report, statement, and all other types and forms of information exchange whether made by hand, computer, typewriter, printer, pen, pencil, or other form of recording.

6. The singular number and masculine gender, as used herein, shall be deemed the plural, the feminine and the neuter, as may be appropriate.

7. Wherever it is necessary to bring within the scope of these requests DOCUMENTS that might otherwise be construed to be outside their scope (1) use of "and" as well as "or" shall be construed both disjunctively and conjunctively; (2) the use of "include(s)" and "including" shall be construed to mean "without limitation"; and (3) the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices.

8. If any of the DOCUMENTS requested herein is withheld under a claim of privilege, identify each such DOCUMENT and state the date of the DOCUMENT, identify its author and addressee, each PERSON to whom copies of the DOCUMENT were furnished and to

3

whom the contents thereon were COMMUNICATED, a summary of the subject matter of the DOCUMENT, its present location and custodian, the basis upon which the asserted privilege is claimed and the request to which the DOCUMENT is responsive.

9. If any of the DOCUMENTS requested herein has been destroyed, furnish a list identifying each such DOCUMENT, its author and addressee, each PERSON to whom copies of the DOCUMENT were furnished and to whom the contents thereof were communicated, a summary of the substance of the DOCUMENT, the date upon which it was destroyed and the reason it was destroyed.

10. As used herein, the term "COMPLAINT" shall refer to and include the complaint filed in the above-captioned matter.

11. The term "PROBLEM" or "PROBLEMS" mean any criticism, question, complaint, question, claim, notice, complaint, issue, grievance, conclusion, belief, opinion, concern, charge or protest, whether written or oral, and whether communicated by a person not employed by Defendant; or noted, observed, or communicated by a person employed by the Defendant.

12. The terms "IDENTIFY" or "IDENTIFICATION", when used with reference to a PERSON, shall mean to state the full name and the present or last known address and telephone number of such PERSON as well as his/her place of employment and job title.

13. The terms "IDENTIFY" or "IDENTIFICATION", when used with reference to a DOCUMENT which is not produced to Defendant, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is not longer in your possession, custody or control, state that disposition was made of it and the reason for its disposition.

14. The term "REPORT" or "REPORTS" shall mean any CORRESPONDENCE or

4

COMMUNICATION wherein there is contained any criticism, question, complaint, claim, notice, issue, grievance, conclusion, belief, opinion, concern, charge or protest, whether written or oral, and whether communicated by a person not employed by Defendant; or noted, observed, or communicated by a person employed by the Defendant.

15. The term "THIS ACCIDENT" and "THE ACCIDENT" shall mean the accident which is the basis of this lawsuit.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify by name and employment position the person responsible for providing answers to these interrogatories.

**INTERROGATORY NO. 2:** Provide the full and proper name of any and all entities and/or persons owning and/or operating the business know as Joshua's Haven, Inc. located at 5663 Rollinson Road, Liberty, Mississippi 39645.

**INTERROGATORY NO. 3:** Describe in as much detail as possible how the events of the incident described in Plaintiff's Complaint, located at 5663 Rollinson Road, Liberty, Mississippi 39645, took place, beginning with Plaintiff's arrival and ending with Plaintiff's departure.

**INTERROGATORY NO. 4:** Please list and identify each person (including your employees or volunteers) who have knowledge (first hand or otherwise) concerning the facts surrounding the incident made the basis of this suit. If the person identified was an employee or volunteer of Defendant, state his/her position, job responsibilities, last known address, and contact telephone number.

**INTERROGATORY NO. 5:** Please state the capacity in which Will Robinson was a volunteer or employee of yours on June 26, 2017. Please give the following information relative to his work status:

5

a) Date of volunteering/employment;

b) Job description;

c) How was Will Robinson paid, whether salary and/or commissioned and his rate of pay;

d) Whether or not he was on or about your business at the time of the incident in question;

e) Exactly what his job duties were for you at the time the incident in question occurred.

**INTERROGATORY NO. 6:** Please state whether you keep in your possession a personnel file on your employee, Will Robinson. Please attach a photocopy of said employee's file to Plaintiff's Request for Production.

**INTERROGATORY NO. 7:** Please state whether your company has ever suspended, disciplined, and/or in any way reprimanded your employee, Will Robinson, during the time of his employment. Please attach to Plaintiff's Request for Production of Documents any and all copies of said reprimands and/or disciplinary actions.

**INTERROGATORY NO. 8:** Please state what actions were taken by Defendant to ascertain Will Robinson's ability and/or experience to cut down a tree prior to June 26, 2017.

**INTERROGATORY NO. 9:** Please state what work instructions were given by Defendant to Will Robinson on June 26, 2017.

**INTERROGATORY NO. 10:** Please state what tools and/or equipment (including safety equipment) Defendant provided to Will Robinson in order to cut down the tree involved in the June 26, 2017 incident.

**INTERROGATORY NO. 11:** Please state what training Defendant provided to Will Robinson as it pertains to cutting down trees.

**INTERROGATORY NO. 12:** Please state what supervision Defendant provided to Will Robinson in order to cut down trees on June 26, 2017.

**INTERROGATORY NO. 13:** Please state the name and address of the person, firm, or corporation, other than yours, which had the responsibility or duty for the maintenance of Defendant's grounds.

**INTERROGATORY NO. 14:** If you or any agent, volunteer, or employee of Defendant, Joshua's Haven, Inc., performed any maintenance, repair, service, or any other act, or caused any action to be taken with regard to Defendant's grounds, please state:

    a.    the date when you or any agent, volunteer, or employee of Defendant performed said maintenance, repair, service, or any other act, or caused any action to be taken with regard to Defendant's grounds;

    b.    what action was taken; and

    c.    the name and address of each person performing same.

**INTERROGATORY NO. 15:** If you contend that Plaintiff was contributorily negligent, please state each and every fact upon which you rely in support of said contention.

**INTERROGATORY NO. 16:** Please state the name, current address, and telephone number of each person from whom you have obtained a statement concerning the incident made the basis of this lawsuit, including in your response, a detailed statement as to each and every fact known to you or made known to you by third parties concerning how the incident made the basis of this suit occurred.

**INTERROGATORY NO. 17:** Please identify each expert that you plan to have testify at the trial of this cause, including any and all medical experts. Additionally, please give a summary of the opinions to which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming those opinions.

**INTERROGATORY NO. 18:** Please state whether you have any policy, procedure, or safety program instituted regarding the maintenance of Defendant's grounds. If so,

7

please state the substance of said policy, procedure, or safety program.

**INTERROGATORY NO. 19:** Please provide the name, current address, telephone number, and job title of all individuals employed by Defendant, Joshua's Haven, Inc., on June 26, 2017, and specifically list those who were present on June 26, 2017.

**INTERROGATORY NO. 20:** Did you or any agent, employee, or volunteer of Defendant render assistance of any kind to Plaintiff immediately after the alleged occurrence? If so, please describe:

    a. In complete detail, what assistance was rendered to Plaintiff; and

    b. The name and address of each person rendering any assistance to Plaintiff.

**INTERROGATORY NO. 21:** Please describe in complete detail the appearance of Plaintiff immediately after the alleged occurrence, particularly with regard to the following:

    a. the physical condition of Plaintiff, that is, whether there were any obvious signs of bruising, swelling, cuts, or other physical injury;

    b. the observable emotional or mental condition of Plaintiff, that is, whether the Plaintiff was crying, complaining of pain, or otherwise emotionally disturbed;

    c. details of all conversations, sounds, words, utterances, speech or noises made by Plaintiff after the alleged occurrence, which were heard by you or by any agent, employee, or volunteer of Defendant;

    d. the appearance of Plaintiff's clothing as to whether any part of it was disarranged, torn, dirty, or otherwise; and

    e. any action or activity of Plaintiff as observed by you or any agent, employee, or volunteer of Defendant after the alleged occurrence.

**INTERROGATORY NO. 22:** Are you in possession of any video surveillance of Plaintiff on June 26, 2017? If not, please provide an explanation as to why there is no video

8

surveillance and whether such surveillance ever existed and has subsequently been destroyed, or recorded over, or altered.

**INTERROGATORY NO. 23:** Please describe the location of each and every surveillance camera located at 5663 Rollinson Road, Liberty, Mississippi 39645 and provide a description of the area each surveillance camera records.

**INTERROGATORY NO. 24:** Please state the liability insurance coverage you had in effect on the date of the subject incident. Please set forth:

   a) The name and address of the insurance company;
   b) The policy number; and
   c) The policy limits.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 2:** Please produce a complete and accurate copy of any policy, procedure, or safety program referenced in your response to Interrogatory No. 18.

**REQUEST FOR PRODUCTION NO. 3:** Please produce a complete and accurate copy of any and all documents, photographs, and/or videotapes you intend to introduce into evidence at the trial of this case.

**REQUEST FOR PRODUCTION NO. 4:** Please produce a complete and accurate transcript of any statements obtained from Plaintiff.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a complete and accurate transcript of any statements obtained by you, or on your behalf, concerning the subject litigation.

9

**REQUEST FOR PRODUCTION NO. 6:** Please produce a complete and accurate copy of any correspondence between you and Plaintiff.

**REQUEST FOR PRODUCTION NO. 7:** Please produce the entire file of any expert you intend to call to testify at the trial of this case.

**REQUEST FOR PRODUCTION NO. 8:** Please produce a current *curriculum vitae* of any expert you intend to call to testify at the trial of this case.

**REQUEST FOR PRODUCTION NO. 9:** Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

**REQUEST FOR PRODUCTION NO. 10:** Please produce a complete and accurate copy of any and all policies of insurance which will or may provide coverage to Joshua's Haven, Inc. in the subject litigation.

**REQUEST FOR PRODUCTION NO. 11:** Please provide a copy of any and all maintenance logs and/or service records (including invoices for services and payment records for same) of the area described in the Plaintiff's Complaint from the June 26, 2017 incident to the date of answering this discovery.

**REQUEST FOR PRODUCTION NO. 12:** Please produce a photocopy of Will Robinson's employee file.

**REQUEST FOR PRODUCTION NO. 13:** Please produce a copy of any pictures, photographs, or video taken of Plaintiff, prior to, during, and following the incident which occurred on June 26, 2017 as described in Plaintiff's Complaint.

**REQUEST FOR PRODUCTION NO. 14:** Please produce a copy of the policy of insurance National Fire & Marine Insurance Company issued to Defendant which was in effect on or about June 26, 2017.

ANY DOCUMENT WHICH HAS BEEN WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT AND/OR WHICH HAS BEEN

DEEMED AS UNDISCOVERABLE BY PLAINTIFF SHOULD BE SPECIFICALLY DESIGNATED BY DATE, AUTHOR, ADDRESSEE AND GENERAL SUBJECT MATTER, SO THAT THE COURT CAN RULE ON ITS ADMISSIBILITY.

Respectfully Submitted,

Adam H. Johnson, MSB # 103057
Derek O. Fairchilds, MSB # 104730
Nahon, Saharovich & Trotz, PLC
488 South Mendenhall Road
Memphis, Tennessee 38117
(901) 259-0435

ATTORNEYS FOR PLAINTIFF

*Served With Complaint:*

Adam H. Johnson, MSB # 103057

11

IN THE CIRCUIT COURT OF AMITE COUNTY, MISSISSIPPI

ROBERT BLOOME                                                              PLAINTIFF

VS.                                               CIVIL ACTION NO: 18-CV-077-J

JOSHUA'S HAVEN, INC.                                                       DEFENDANT

                                                                    JURY TRIAL DEMANDED

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Joshua's Haven, Inc.
      c/o Steven Ryan Smith
      5045 Jones Road
      St. Cloud, FL 34771

### SERVE VIA PRIVATE PROCESS SERVER

### NOTICE TO DEFENDANT(S)

THE COMPLAINT OR PETITION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Adam H. Johnson, the attorneys for the Plaintiff(s), whose address is 488 South Mendenhall, Memphis, Tennessee 38117. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the ___9___ day of __July__, 2018.

Debbie Kirkland
Circuit Court Clerk
P.O. Box 312
Liberty, MS 39645

Barbara McDonald D.C.
By: Deputy Clerk

## AFFIDAVIT OF SERVICE

State of Mississippi

County of Amite

Circuit Court

Case Number: 2018-CV-000077-J

LIN2018009277

Plaintiff
ROBERT BLOOME

vs

Defendant
JOSHUA'S HAVEN, INC

For
Adam H. Johnson
Nahon Saharovich & Trotz, PLC
488 South Mendenhall Road
Memphis, TN 38117

Received by Lynx Legal Services on the 12th day of July, 2018 at 12:02 pm to be served on Joshua's Haven, Inc. c/o Steven Ryan Smith, Registered Agent, 5045 Jones Road, Saint Cloud, FL 34771.

I, Michelle Adams, being duly sworn, depose and say that on the 7th day of September, 2018 at 6:10 pm, I:

served a CORPORATION by delivering a true copy of the 20-Day Summons, Complaint and Plaintiff's First Set of Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant, Joshua's Haven, Inc with the date and hour of service endorsed thereon by me, to: Steven Smith as Registered Agent at the address of 5045 Jones Road, Saint Cloud, FL 34771 on behalf of Joshua's Haven, Inc., and informed said person of the contents therein, in compliance with F.S. 48.081

Description of Person Served: Age: 38, Sex: M, Race/Skin Color: White, Height: 5'10, Weight: 200, Hair: Brown, Glasses: N

I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the penalty of perjury, I declare that I have read the foregoing proof of service, and I attest that the facts stated in it are true.

FILED
THIS DAY

SEP 26 2018

DEBBIE KIRKLAND, CIRCUIT CLERK
BY _____

_____
Michelle Adams
CPS# 256

Lynx Legal Services
800 N. Magnolia Avenue
Suite 1500
Orlando, FL 32803
(407) 872-0707

Subscribed and Sworn to before me on the 14th day of September, 2018 by the affiant who is personally known to me

_____
NOTARY PUBLIC

CALEB RAMOS
MY COMMISSION # FF957603
EXPIRES February 02, 2020

Our Job Serial Number: LIN-2018009277

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p